## ALFIN J. KNUTSON v. FIDELITY MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA.[1]

May 13, 1938.

No. 31,663.

*William H. Freeman* and *Warren B. King,* for appellant.
*George R. Kodadek* and *Douglas X. Juneau,* for respondent.

PER CURIAM.

This case comes here on appeal by the defendant from an order denying its motion for judgment notwithstanding the verdict or for a new trial after a jury had rendered a verdict for the plaintiff.

The case arose out of a fire which occurred in the Woonsocket Hotel in Minneapolis in December, 1936. Plaintiff had a room at that hotel which he paid for by the week. He made trips out of the city from time to time, and on his return from the last one before the fire occurred he found that the lock on his room had been changed and that it was out of order. To open the door he had to

[1]Reported in 279 N. W. 714.

get the clerk on duty at the desk to go to his room with him and open the door with his passkey. He was unable to open the door from the inside, and when he wanted to get out he had to telephone the clerk to come up and open the door with his key from the outside. About two o'clock in the morning of December 8 plaintiff awakened to find his room full of smoke and endeavored to get out of the room but was unable to do so. He called for the clerk to come up and open the door, but neither he nor the clerk could open it. The manager of the hotel testified that he did not want to open the door because the fire would spread. At any rate, plaintiff was unable to open the door and made his escape through the window, leaving his wearing apparel and personal effects to be consumed by the fire. There was a dispute between the parties as to the origin of the fire, it being the claim of the defendant that it was caused by a spark from plaintiff's cigarette. On the other hand, the plaintiff testified that he always put his cigarette out by holding it under the water faucet.

■ The case was tried upon the theory that the relationship of innkeeper and guest existed between the plaintiff and the defendant, but the defendant now claims that the plaintiff was a mere boarder and that the burden of showing negligence was upon him. Examination of the record convinces us that the case was not tried upon the latter theory but very properly tried upon the theory of innkeeper and guest, which placed the burden upon the defendant of proving its freedom from negligence in causing the plaintiff's loss and injury. Johnson v. Chadbourn Finance Co. 89 Minn. 310, 94 N. W. 874, 99 A. S. R. 571. The question does not seem to have been raised by the defendant until it made its motion for new trial, and we think that the trial court was correct in taking the view that it then came too late for consideration.

■ But whatever may have been the cause of the fire, there was abundant evidence to go to the jury of lack of ordinary care on the part of the defendant to rescue the plaintiff and his property after the fire started. In the situation presented to the trial court, 2 Mason Minn. St. 1927, §§ 7312, 7313, 7314, was not applicable.

The order appealed from is affirmed.